IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS JEFFERSON CHILDRESS, #28309, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-3658-S-BN |
| DALLAS COUNTY DISTRICT ATTORNEY, | § § § § | |
| Defendant. | § § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Thomas Jefferson Childress, in custody in Louisiana, initially brought this *pro se* action against the Dallas County District Attorney, claiming that he was wrongfully detained in Dallas and then wrongfully extradited to Louisiana. *See* Dkt. No. 3. The Court has referred his case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

In response to a notice of deficiency, *see* Dkt. No. 4, Childress filed an amended civil rights complaint, confirming that the sole defendant is Dallas County District Attorney John Creuzot, who Childress alleges "failed to order (request) [his] release from the Dallas County Jail. I requested form extradition proceedings. I was not released as requested by the Uniform Criminal Extradition Act or the Texas Code of Criminal Proceedings," Dkt. No. 5 at 3; *see id.* at 5 (requesting compensation and that this Court "assist in possibly having [Childress] released from the custody of the

Bossier Parish Sheriff's Office").

And, on January 2, 2021, the undersigned recommended that the amended complaint be dismissed with prejudice based on prosecutorial immunity [Dkt. No. 6] (the Screening FCR).

After entry of the Screening FCR, Childress moved for leave to file a second amended complaint, to substitute Dallas County Sheriff Marian Brown for District Attorney Creuzot. *See* Dkt. No. 8.

The undersigned now enters these supplemental findings of fact, conclusions of law, and recommendation that the Court should deny the motion for leave to amend and dismiss this case with prejudice.

Childress's attempt to save his Section 1983 claims from prosecutorial immunity by naming a new defendant does not salvage this lawsuit. As this Court has explained before,

> "[a]lthough there is a federal right to challenge extradition, and denial of that right can be the basis of a claim under 42 U.S.C. § 1983, challenges to extradition must be made by petition for a writ of habeas corpus where the permissible scope of the challenge is very narrow." *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987) (citing *Crumley v. Snead*, 620 F.2d 481, 483 (5th Cir. 1980)); *accord Edwards v. Bowles*, 115 F. App'x 208, 208 (5th Cir. Dec.15, 2004) (per curiam). Any Section 1983 challenge is, moreover, subject to *Heck v. Humphrey*, 512 U.S. 477 (1994), under which a Section 1983 suit for damages "must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned." *Rose v. Texas Bd. of Pardons & Paroles*, Civil Action No. V-06-050, 2008 WL 2697340, at *1 (S.D. Tex. July 2, 2008) (citing *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (Section 1983 challenges to extradition procedures are barred by *Heck* where a plaintiff fails to prove his detention has been invalidated)); *see also Logan v. Texas*, No. 3:11-cv-998-P, 2011 WL 2881560, at *2 (N.D. Tex. June 29, 2011), *rec. adopted*, 2011 WL 2883324 (N.D. Tex. July 15, 2011) (a plaintiff's claim "that his

> extradition has been unlawfully conducted ... necessarily impl[ies] the invalidity of [his] confinement," and where that confinement "has not been declared invalid[,] ... no § 1983 cause of action has yet accrued and [the claim] should be dismissed with prejudice until the *Heck* conditions are met" (citation omitted)).

*Sanders v. Dallas Sheriff's Dep't*, No. 3:14-cv-2039, 2015 WL 539431, at *4 (N.D. Tex. Feb. 6, 2015); *see also Towns v. Sheriffs Dep't Jackson Par.*, 710 F. App'x 227, 228 (5th Cir. 2018) (per curiam) (noting that, even if *Heck* would not apply to a particular claim of wrongful extradition, affirming dismissal of claim as frivolous where "nothing in Towns's allegations suggests a claim that he was denied his right to file a habeas corpus challenge to his extradition while he was in Louisiana" (citations omitted)).

Similarly, as Childress remains in custody in Louisiana, his initial challenge to a detention and extradition that he claims were wrongful should be made through habeas proceedings where he is in custody. And this civil action still should be dismissed with prejudice. *Cf. Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538-39 (5th Cir. 2020) (per curiam) (Where a criminal "conviction has yet to be formally terminated in [a plaintiff's] favor, his [related civil] causes of action … have not yet accrued and will not begin to accrue until" a conviction is vacated, reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus or otherwise. (citing *Heck*, 512 U.S. at 489-90; footnote omitted)).

## Recommendation

For the reasons above and for the reasons set out in the Screening FCR, the Court deny the motion for leave to file a second amended complaint and dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE